IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR NO. 03:98cr97 |
| | ) | WO |
| JOHNNY HUGHLEY | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Request for a Nunc Pro Tunc Reconsideration and/or in the Alternative a Correction of Sentence*" (Doc. 184) filed by federal inmate Johnny Hughley ("Hughley") on August 5, 2004.  In his motion, Hughley challenges the sentence he received upon his 1998 convictions for possession of counterfeit currency; passing, uttering, and publishing counterfeit currency; and possessing a firearm after having been convicted of a felony.[1]   Upon review of Hughley's motion, it is clear that he is entitled to no relief from this court.

**I.  DISCUSSION**

In his motion, Hughley claims that under the Supreme Court's recent decision in *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), his sentence violates his Sixth Amendment right to trial by jury.  Hughley's claim attacks the fundamental validity of his sentence.  The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging

---

[1]A jury found Hughley guilty of these offenses on August 26, 1998.  On December 18, 1998, the trial court sentenced Hughley to a term of 57 months' imprisonment.  On November 19, 1999, the Eleventh Circuit Court of Appeals affirmed Hughley's convictions and sentence. *See United States v. Hughley*, 202 F.3d 287 (11th Cir. 1999) (unpublished table decision).

the validity of a conviction and sentence, unless "the remedy by [such] motion is inadequate or ineffective to test the legality of [the inmate's] detention."  28 U.S.C. § 2255.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman,* 643 F.2d 1131, 1134 (5th Cir. 1981); *Lane v. Hanberry,* 601 F.2d 805 (5th Cir. 1979).  The remedy afforded by § 2255 is not deemed inadequate or ineffective merely because an inmate's motion is barred by the applicable one-year period of limitation or by the gatekeeping provision on successive petitions contained in 28 U.S.C. §§ 2255 and 2244(b)(3)(A).[2]  *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).  Moreover, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision...."  *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted).

It appears to this court that Hughley has designated his pleading as a "*Request for a Nunc Pro Tunc Reconsideration and/or in the Alternative a Correction of Sentence*" in an attempt to circumvent the applicable one-year period of limitation and the restriction on successive petitions contained in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  However, a federal prisoner cannot escape the procedural restrictions placed on § 2255 motions by the AEDPA simply by characterizing his motion as one filed under separate rules or statutes.  *Wofford*, *supra*, 177 F.3d at 1245.  "Federal courts have long

---

[2]"A 1-year period of limitation shall apply to a motion under this section."  28 U.S.C. § 2255 ¶6. "Before a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990). Hughley seeks relief from this court which is appropriate only under 28 U.S.C. § 2255. Thus, this court construes the present action to contain a *motion to vacate, set aside, or correct sentence* under § 2255.

This is the second § 2255 motion filed by Hughley attacking his 1998 convictions and sentence. All claims presented in the initial § 2255 motion were decided adversely to Hughley. *See United States v. Hughley*, CR. NOS. 98-43-E & 98-97-E - Court Doc. 150 - *August 13, 2002, Recommendation of the Magistrate Judge* (adopted as judgment of the court by final order of August 18, 2002 - Court Doc. 154). The AEDPA provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Hughley has not received

3

certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.  A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion.  *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).  Accordingly, this court lacks the jurisdiction to consider Hughley's present motion, and the motion is due to be summarily dismissed.[3]

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Hughley on August 5, 2004, be denied and this case dismissed, as Hughley has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 1, 2005.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District

---

[3]Aside from the statutory bar on which this Recommendation is based, Hughley's likelihood of success on his substantive claim is nil.  His claim is premised on *Blakely v. Washington*, ___ U.S. ___, 124 S.Ct. 2531 (2004), which is not retroactively applicable  to cases pending on collateral review.  *In re Dean*, 375 F.3d 1287 (11th Cir. 2004).

Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 18th day of July, 2005.


**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE